## PETER WOLANYK ET UX.
### vs.
## CHARLES F. ARDITO, d.b.a.
## WEST ROCK CONCRETE CO.

Superior Court     New Haven County     File No. 57375

### MEMORANDUM FILED MAY 27, 1941.

*Louis Feinmark,* of New Haven, for the Plaintiffs.

*Israel J. Jacobs,* of New Haven, for the Defendant.

McEVOY, J. Upon all of the evidence in this case it seems more probable that:

In October, 1938, the plaintiff, Eva Wolanyk, owned certain land in New Haven, Connecticut;

That, during that month, the plaintiff, Peter Wolanyk, was the husband of the plaintiff, Eva Wolanyk, and that he made an agreement for her with the defendant and that the terms of that agreement are, plainly, set out in Exhibit A.

Acting under this contract, the defendant paid the agreed sum of $750 to the plaintiffs, or to either of them.

The contract contains about 16 lines and is, in form, similar to other contracts which were previously entered into between the defendant and other owners of land.

The main controversy between these parties is as to the interpretation and construction of the last sentence of the contract, Exhibit A, which reads as follows: "When all fill

needed by the West Rock Concrete Company is completed, within sixty days (60), the West Rock Concrete Company agrees to grade and shape that portion of land excavated."

Upon careful comparison of the exhibits and the oral testimony, it is found:

That the oral negotiations between these parties were subsequently reduced to writing and that the entire agreement of the parties was accurately set out in the written contract, Exhibit A;

That the contract is plain and unambiguous;

That, during the course of the operations of the defendant, it became apparent to these plaintiffs, particularly to the plaintiff Peter Wolanyk, that it would be advantageous to the plaintiffs if the excavation of the land, along the north side from west to east, were made at such a level that it would be feasible for the plaintiffs to use this portion as a street leading to the easterly portion of the land; that the plaintiffs and the defendant did not intend to, and did not, include such an agreement in their oral negotiations nor in their written contract, Exhibit A, but that this phase of the matter is a result of subsequent desire and not of original intention or agreement.

It is obvious that the defendant did agree "to grade and shape that portion of land excavated" (Exhibit A).

It is equally obvious that the defendant did not "grade and shape" that portion of land excavated.

The defendant, having failed to carry out this phase of its agreement, is legally required to reasonably compensate the plaintiffs for this obvious breach of its agreement.

Fair compensation, in favor of the plaintiffs, is found to be:

1. For grading and shaping on the grades which are designated as 2 and 3 ................ $400.00
2. For removing stones and boulders, including grading of the land at the northerly end of the plaintiff's property, and the removal of the projecting stone which was left there... 250.00

Total ................................ $650.00

The issues are found in favor of the plaintiffs upon their complaint, the special defense and the counterclaim.

Judgment may be entered for the plaintiffs to recover of the defendant the sum of $650 and their costs.